UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JARED GARCIA SALVADOR,

Petitioner,

v.

WARDEN OF NORTHWEST IMMIGRATION AND CUSTOMS ENFORCEMENT PROCESSING CENTER et al.

Respondents.

CASE NO. 2:26-cv-02725-JHC

ORDER

## I

## Introduction

This matter comes before the Court on Jared Garcia Salvador's Petition for Writ of Habeas Corpus. Dkt. # 1. The Court has considered the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court DENIES the Petition.

//

## II
## BACKGROUND

Petitioner entered the United States approximately four years ago. Dkt. # 1 at 6. ICE arrested Petitioner in April 2026 and detained him at the Northwest ICE Processing Center (NWICP). Dkt. # 1 at 6.

In May 2026, Petitioner filed a petition for writ of habeas corpus, arguing that his detention violated the Immigration and Nationality Act (INA) and the Due Process Clause of the Constitution. *Garcia Salvador v. Mullin*, 2026 WL 1782073, at *1 (W.D. Wash. June 22, 2026). The Court granted the petition, concluding that Petitioner's detention violated the INA. *Id.* at *1-2. The Court ordered that pursuant to *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), within 14 days of the Petitioner's request for a bond hearing, the Government must either release Petitioner or provide him a bond hearing under 8 U.S.C. § 1226(a). *Id.* at *2. The Court noted that this relief—an individualized bond hearing before an immigration judge—is the same relief that Petitioner would receive if the Court found his mandatory detention violated due process. *Id.* The Court stated that Petitioner could appeal the immigration judge's decision to the BIA or seek relief in a subsequent habeas petition. *Id.*

Petitioner filed this subsequent habeas petition on July 31, 2026. Dkt. # 1. Petitioner is still detained at NWICP. *See* Dkt. # 1. Respondents state that Petitioner received a bond hearing (Dkt. # 6 at 6), and Petitioner says that he has a pending appeal with the BIA in which he is arguing that he was "not allowed a fair trial" because the Government's attorney was "laughing" and "not paying attention," the immigration judge did not consider Petitioner's witness testimony or evidence, and getting evidence to the immigration court was difficult because of Petitioner's detainment. Dkt. # 1 at 5. However, regarding the grounds for this petition, Petitioner writes, "I

was stopped and detained by ICE officers for no reason. I was driving and had not committed a crime. I was taken to the detention center." Dkt. # 1 at 6. Listing supporting facts for this claim, Petitioner further states, "On April 21, 2026 I was driving and without committing a crime many ICE officers detained me [and] physically hurt me for no reason. I was taken to ICE custody. I have been in this country since 2022. I do not have a criminal record and would like to be released back to my family." Dkt. # 1 at 6. Finally, in his request for relief, Petitioner says, "I would like the Judge to approve this [petition] and please release me back to my family. I was stopped and arrested by ICE for no reason." Dkt. # 1 at 7.

## III
## DISCUSSION

Respondents argue that the Court should dismiss the petition under the abuse of writ doctrine. *See* Dkt. # 6. The doctrine "generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation modified). "Under this doctrine, 'a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim.'" *Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (quoting *Alaimalo*, 645 F.3d at 1049)) (emphasis omitted).

It is difficult to discern the causes of action that Petitioner, who proceeds pro se, seeks to invoke. *See generally* Dkt. # 1. While he mentions that he has a pending appeal with the BIA for what was likely a bond hearing before an immigration judge, he does not request specific relief from this Court regarding that hearing. *See Soriano v. Hernandez*, 830 F. Supp. 3d 1071,

1079-80 (W.D. Wash. 2026) (finding abuse of discretion where the immigration judge made findings that were counter to its flight risk determination used to deny bond). Instead, Petitioner seems to raise issues regarding his initial detainment that have already been considered in a previous habeas petition. And because there have been no alleged changed circumstances or other exception to the abuse of writ doctrine, Petitioner's initial detention cannot be challenged again here. *See Brown v. Muniz*, 889 F.3d 661, 667-68 (9th Cir. 2018).

## IV
## CONCLUSION

For these reasons, the Court DENIES the petition (Dkt. # 1).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of September, 2026.

John H. Chun
United States District Judge